# UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

COBRA INFRAESTRUCTURAS
HIDRAULICAS S.A.,

Petitioner,

vs.

SOCIETA ESECUZIONE LAVORI IDRAULICI, S.P.A.
and SELI OBRAS SUBTERRANEAS, S.A.,

Respondents.
_____/

## RESPONDENTS' NOTICE OF REMOVAL

Respondents, SOCIETA ESECUZIONE LAVORI IDRAULICI, S.P.A. (an Italian corporation) and SELI OBRAS SUBTERRANEAS, S.A. (a Guatemalan corporation) (hereinafter collectively referred to as "SELI"), file this Notice of Removal pursuant to 9 U.S.C. § 202, 9 U.S.C. § 203, 9 U.S.C. § 205, 28 U.S.C. § 1331, and 28 U.S.C. § 1441(a) and remove to this Court the civil action captioned *Cobra Infraestructuras Hidraulicas, S.A. v. Societa Esecuzione Lavori Idraulici, S.P.A.*, Case No. 2017-021738-CA-01, originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The grounds for removal, as set out in more detail below are: (i) removal under 9 U.S.C. §§ 205 and 202 because the dispute arises from a "non-domestic" arbitration between two citizens of foreign states and is therefore subject to the Convention on the Recognition and Enforcements of Foreign Arbitral Awards (the "New York Convention"), 9 U.S.C. § 201, *et seq*.; and (ii) under 28 U.S.C. §§ 1441(a) and 1331 and 9 U.S.C. § 203 because this Court has original subject matter jurisdiction over the enforcement of an arbitration award subject to the New York Convention.

**Factual and Procedural Background**

1. Petitioner, COBRA INFRAESTRUCTURAS HIDRAULICAS S.A. (a Spanish Corporation, hereinafter, "Cobra"), filed a civil action captioned *Cobra Infraestructuras Hidraulicas, S.A. v. Societa Esecuzione Lavori Idraulici, S.P.A.*, Case No. 2017-021738-CA-01, on September 19, 2017 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, which is embraced by this district and division (the "State Court Action"). In compliance with 28 U.S.C. § 1446(a), attached as Exhibits "A" through "D" to this Notice of Removal is a copy of Cobra's Petition to Vacate, or in the Alternative, to Modify Arbitration Award (hereinafter, "Petition to Vacate") filed in the State Court Action (together with all exhibits, civil cover sheets and notices of appearance),[1] which constitutes all of the process, pleadings, and orders filed in the State Court Action. SELI has not been served with summonses or a copy of the Petition to Vacate in accordance with 9 U.S.C. § 12 or Fed. R. Civ. P. 4, as of the date of this Notice of Removal.

2. In the State Court Action, Cobra seeks to vacate a final non-domestic arbitral award falling under, and governed by, the New York Convention, 9 U.S.C. § 201, *et seq*. The final arbitral award dated June 30, 2017 was issued by the International Court of Arbitration of the International Chamber of Commerce in Case No. 20217/RD/MK in favor of SELI and against COBRA. A copy of the arbitral award is attached as Exhibit 1 to the Petition to Vacate. The arbitration was conducted in Miami, Florida.

---

[1] Cobra did not provide SELI with the exhibits to the Petition or with other filings in the state court file, other than the complaint. SELI downloaded all filings and exhibits directly from the state court on-line file with the exception of Exhibit 2, which SELI was able to view but unable to download. Therefore, the attached Exhibit 2 to Cobra's Petition to Vacate is a true and correct copy of the same document filed by Cobra but duplicated from SELI's own files.

3.      On August 7, 2017, SELI submitted a Request for Interpretation of the Final Award Pursuant to Article 35 of the ICC Rules ("Article 35 Request").[2] A copy of the Article 35 Request is attached as Exhibit 4 to the Petition to Vacate. The Arbitral Tribunal has yet to respond to SELI's application.

**Grounds for Removal**

4.      Removal of the State Court Action is proper under 9 U.S.C. § 205, which provides that a defendant may remove to federal court an action or proceeding pending in state court related to an arbitral award falling under the New York Convention. An arbitral award falls under the New York Convention when it is between citizens of foreign states, "involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states" as per 9 U.S.C. § 202. The Eleventh Circuit has held that the New York Convention applies to awards "not considered as domestic" in the state where enforcement is sought; in the United States, this includes awards "not entirely between citizens of the United States." *Indus. Risk Insurers v. M.A.N. Gutehoffnungshütte GmbH*, 141 F.3d 1434, 1440–41 (11th Cir. 1998).

5.      Here, the Arbitral Award is non-domestic because the petitioner in the arbitration is a Spanish corporation and the respondents are corporations incorporated in Italy and Guatemala. It concerns services that were to be provided in Guatemala and property that was located in Guatemala. And its enforcement will be sought in Spain, Florida, or any other jurisdiction were COBRA has assets.

---

[2] SELI's Request was originally styled as an Article 36 Request because this is the article number of the 2017 version of the ICC Rules. However, because this arbitration was conducted pursuant to the ICC 2012 Rules, the proper provision is Article 35.

6. Removal of the State Court Action is also proper under 28 U.S.C. § 1441(a), which provides that a state court action may be removed to the federal court with original jurisdiction embracing the place where the action is pending. This court has original jurisdiction over the State Court Action pursuant to 9 U.S.C. § 203 because it falls under the New York Convention and pursuant to 28 U.S.C. § 1331 because it arises "under the Constitution, laws, or treaties of the United States," as demonstrated below.

7. As recognized by courts in this Circuit, actions to recognize or enforce a non-domestic award fall "exclusively" under the New York Convention and are thus governed by federal law. *Costa v. Celebrity Cruises, Inc.*, 768 F. Supp. 2d 1237, 1240 (S.D. Fla. 2011) ("The Convention and Chapter 2 of the FAA exclusively governs arbitration between a citizen of the United States and citizens of a foreign country."), *aff'd*, 470 F. App'x 726 (11th Cir. 2012).

8. Petitions to vacate non-domestic awards, being the flip side of an action for recognition, also fall under the New York Convention. The Eleventh Circuit has made clear that it has subject-matter jurisdiction to hear *vacatur* motions in *Industrial Risk Insurers v. M.A.N. Gutehoffnungshütte GmbH*, 141 F.3d 1434, 1441 (11th Cir. 1998) (finding federal subject-matter jurisdiction over a motion to vacate a non-domestic award rendered by a tribunal seated in Tampa, FL). *See also Inversiones y Procesadora Tropical INPROTSA, S.A. v. Del Monte Int'l GmbH*, No. 16-24275-CIV-MORENO, 2017 WL 1737648, at *3 (S.D. Fla. May 2, 2017) (noting it would not "split hair" between confirming and vacating an award and finding subject-matter jurisdiction to hear a motion to vacate a non-domestic award rendered in Miami, FL).

## Compliance with the Removal Statutes

9.       SELI has complied with the procedural requirements for removal, namely: (i) this action has been removed to the appropriate court as per 28 U.S.C. § 1441(a) since this Court is in the district and division where the state court action is pending; (ii) the removal is timely under 9 U.S.C. § 205 as SELI may remove this action at any time before the trial in the underlying action and no trial has been scheduled;[3] (iii) the removal is also timely under 28 U.S.C. § 1446(b)(1) since SELI filed it within 30 days after receipt of the initial pleading, which was filed in state court on September 19, 2017; (iv) the removal complies with the requirement of 28 U.S.C. § 1446(b)(2)(A) that all defendants join the removal; (v) this Notice of Removal was served upon counsel for Plaintiff and a copy of this notice will be filed with the state court from which the case was removed in compliance with 28 U.S.C. § 1446(d); and (vi) copies of all state-court "process, pleadings, and orders served upon" SELI are attached as exhibits in compliance with 28 U.S.C. § 1446(a).

## Non-Waiver of Defenses

10.       SELI, by removing the State Court Action, does not waive any available defenses or other rights or admit any of the allegations made in Cobra's state-court complaint.

Dated: October 5, 2017                     Respectfully submitted,

                                           s/ Janet T. Munn
                                           Janet T. Munn, Fla. Bar No. 501281
                                           Email: jmunn@rascoklock.com
                                           Rasco Klock Perez & Nieto, P.L.
                                           283 Catalonia Avenue, Suite 200
                                           Coral Gables, Fl 33134
                                           Telephone: 305.476.7101

---

[3] As SELI has not yet been served with the state court Petition, there has not been any activity in the state court since COBRA filed its Petition to Vacate.

Facsimile: 305.476.7102

*AND*

s/ Peter R. Chaffetz
Peter R. Chaffetz*
Email: Peter.chaffetz@chaffetzlindsey.com
Yasmine Lahlou*
Email: Yasmine.lahlou@chaffetzlindsey.com
Lídia H.S. Rezende*
Email: Lidia.rezende@chaffetzlindsey.com
Chaffetz Lindsey LLP
1700 Broadway, 33rd Floor
New York, NY 10019
Telephone: 212.257.6958
Facsimile: 212.257.6950
*\* Will Seek Admission Pro Hac Vice*

*Counsel for Defendant Società Esecuzione Lavori Idraulici, S.p.A. and Seli Obras Subterraneas, S.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

**BAKER & MCKENZIE LLP**
Luis O'Naghten
Florida Bar No.: 622435
luis.onaghten@bakermckenzie.com
Jessica Marroquin
Florida Bar No.: 105360
jessica.marroquin@bakermckenzie.com
1111 Brickell Avenue, Suite 1700
Sabadell Financial Center
Miami, Florida 33131
Tel.: (305) 789-8900
Fax: (305) 789-8953
*Counsel for Petitioner*
*Cobra Infraestructuras Hidraulicas S.A*

                                                  s/ Janet T. Munn
                                                  Janet T. Munn